THE STATE OF WISCONSIN, *ex relatione*, J. L. Ward,

*vs.*

THE ASSESSORS OF THE TOWN OF DELAVAN.

Section 25 of chapter 15 of the Revised Statutes, does not require a person to give in, or make out for the assessor, on his demand or request, a list or amount of his property liable to taxation. But it authorizes the assessor to require the person who voluntarily furnishes such list, to make oath to the fullness and correctness thereof.

Any person who refuses to make oath to the fullness and correctness of such list voluntarily furnished by him, is not permitted to reduce his assessment by virtue of the provisions of the 26th section.

If a person makes his affidavit, and in other respects complies with the requisites of the 26th and 29th sections of chapter 15, he is entitled to have his assessment reduced to the amount stated in the affidavit.

The assessors cannot question or dispute the truth of the affidavit. If it is in conformity with the statute, it is conclusive upon their action.

Section 26 prescribes the matters which the affidavit shall contain, and the person complying with the provisions of the statute is entitled to the benefit of it.

When the assessors, or any other officer, refuse to perform an act which it is clearly their duty to do, a mandamus is the proper remedy to compel such performance.

*Knapp & Frink,* for the relator.

*By the Court,* SMITH, J. This was a motion for a mandamus to compel the assessors of the town of Delavan, in the county of Walworth, to reduce the valuation of the personal property of the relator to the sum of $3,000, the same having been assessed by them at the sum of $10,000.

The relator, in his affidavit accompanying the motion, sets forth, that previous to the completion of the assessment roll of the town of Delavan, for the year 1853, he was called upon by two of the assessors of

JUNE TERM, 1853.

The State of Wisconsin vs. Assessors of Delavan.

said town, to furnish a list of his personal property liable to taxation, which he refused to do. That the assessors assessed the value of his personal property at $10,000. That before the assessment roll was completed, to wit, on the first day of July, 1853, he made and delivered to the said assessors his affidavit, that the value of his personal property, liable to taxation, did not exceed the sum of $3,000. That the said assessors, not regarding their duty, arbitrarily disregarded the said affidavit and the matters therein contained, and wholly refused, and still do refuse, to reduce the valuation of his said personal property to the sum of $3,000, but continue the said assessment at $10,000.

An alternative writ was issued, to which the respondents made return; that during the week immediately preceding the first Monday of July, 1853, they repeatedly called on the relator to render them a list of his taxable personal property, and he repeatedly promised to do so, until the last of June, 1853, when he positively refused to furnish said list, and thereupon they assessed his personal property at $10,000, the lowest sum they could conscientiously assess. That on the first Monday of July, the relator handed to them an affidavit, of which the following is a copy, and demanded that the respondents should reduce his assessment to the sum named in said affidavit, to wit, $3,000.

"WALWORTH COUNTY,
"*Town of Delavan*, } ss. "I, John L. Ward, being duly sworn, say, that the value of my personal estate liable to taxation, after deducting my property invested in the stock of any incorporated company, liable

to taxation on its capital, does not exceed three thousand dollars.

JUNE TERM,
1853.

The State of
Wisconsin
vs.
Assessors of
Delavan.

"JOHN L. WARD.

" Subscribed and sworn to before me, ⎰
this 4th day of July, A. D. 1853. ⎱

" MILO KELSEY,
"*Justice of the Peace.*"

But the respondents, believing that the relator had forfeited his right to have his assessment reduced, by his non-compliance with their request, according to section 25 of chapter 15 of the Revised Statutes, refused to reduce the assessment.

And for further return, the respondents say, that the affidavit is insufficient, because it does not allege that the personal property of the relator, *on the* 1*st day of June*, 1853, did not exceed the sum of $3,000, but states that it " does not now, the 4th day of July, exceed that sum."

And further, that they did not believe the statements in the affidavit to be true, for they believed his personal property had largely increased the last year, and the last year he had given in to the assessors his personal property at $13,000, and had paid the taxes on that sum.

And further, before the service of the alternative mandamus, they had fully reviewed and completed their assessment roll, and had duly attached thereto their certificate, according to the provisions of section 33 of chapter 15 of the Revised Statutes, and submit whether they have any further control over the assessment roll, and whether the same is not now within the control of the chairman of the board of supervisors of the town, according to the provisions of section 34 of the same chapter of the Revised Statutes.

JUNE TERM, 1853.

The State of Wisconsin vs. [Assessors of] Delavan.

To this return the relator by his counsel demurred.

Section 26, of chapter 15 of the Revised Statutes provides, that if any person whose real or personal estate is liable to taxation, shall, at any time before the assessment roll shall be completed, make affidavit that the value of his personal estate liable to taxation, after deducting his property invested in the stock of any incorporated company, liable to taxation on its capital, does not exceed a certain sum to be specified in the affidavit, it shall be the duty of the assessor to value such personal estate, at the sum specified in such affidavit.

Section 25, provides, that every assessor may require any person giving in the amount or list of his taxable property, to make oath before him that the same is full and correct, and any person refusing to make such oath, shall not be permitted afterwards to reduce the valuation made by such assessors, of his property for that year.

This section does not require any person to give in or make out for the assessor, on his demand or request, a list or amount of his property liable to taxation. It merely authorizes the assessor to require of the person voluntarily furnishing a list of his taxable property, to make oath to the fullness and correctness thereof. And it further imposes upon the person who refuses to make oath to the fullness and correctness of the list voluntarily furnished by him, the disability to avail himself of the provisions of the 26th section.

The relator was not bound to furnish a list of his property- He incurred no forfeiture by refusing to do so on the request of the assessors. Had he fur-

nished a list, and then refused to verify it by his oath
on the requisition of the assessors, he would have for-
feited his right to a reduction.

The ground assumed by the respondents, is there-
fore incorrect. It is not his refusal to give in a list of
his property, that precludes him from a reduction
under the 26th section, but his refusal to make oath
to the fullness and correctness of the list which he
chooses to give in.

It is also insisted, that the affidavit of the relator
presented to the assessors was insufficient, because it
did not state the value of his property on the first
day of June, 1853.

Section 16, requires the assessors to make out an
assessment roll, of all the taxable property, real and
personal, in their town on the first day of June. No
doubt the intention of the act is, to fix the property
for taxation, in its location and ownership, on the first
day of June. But the 26th section prescribes the
affidavit to be made, and the relator has conformed
his, to the requirements of the statute. Having done
so, it is not in the power of this court, to say that it
is insufficient. The assessors might have assessed, and
probably did assess his property, as they believed it
to exist on the first day of June; and they may have
been correct. The affidavit of the relator, made on
the 4th day of July following, may also have been
true, for he may have disposed of personal property
to the amount of $7,000, between those periods. But
if it had been the intention of the legislature, that
the affidavit prescribed by the 26th section, should
state the value of the personal property, which the
affiant owned on the first day of June, that intention
should have been expressed. It cannot be gathered

JUNE TERM, 1853.

The State of Wisconsin vs. Assessors of Delavan.

from the language used, but the contrary is clearly implied. If there is an omission in the law, it cannot be supplied by the court. The legislature alone has the power of amendment. The relator having complied with the statute, he cannot be denied its benefits, because the statute is wrong, or because it fails to accomplish the object of its enactment.

The respondents further return, as a reason for not reducing the said valuation to the amount specified in such affidavit, that they did not believe that the matters alleged therein were true, and they give some reasons why they disbelieved it.

Section 29 requires the assessors to meet on the first Monday of July, for the purpose of reviewing their assessment, and to continue such review from day to day, as long as shall be necessary for that purpose, and on the request of any person feeling himself aggrieved, if such person shall not previously have made affidavit concerning the value of the property assessed to him, pursuant to this chapter, the assessors shall, on affidavit made as provided in this chapter, (15,) reduce the assessment of such person to the sum specified in such affidavit.

The assessors are not permitted to question the truth of the affidavit. They have no discretion in the matter. They have no right to investigate further. The statute is imperative upon them. They must reduce the assessment to the sum specified in the affidavit.

Again, the respondents say, that before the service of the alternative writ, they had fully completed their assessment roll, and attached thereto their certificate, and that they had no further control over the same.

Section 34 provides that the assessment roll, after

it has been reviewed and completed, and certified ac-
cording to the provisions of section 33, shall, on or
before the first day of October in each year, be deli-
vered by the assessors to the chairman of the board
of supervisors of the town, &c.

The respondents say that they had completed the
roll, and attached thereto their certificate ; but they
do not say that they had delivered the same to the
chairman of the board of supervisors. Their return,
in this respect, is evasive. There is sufficient time,
previous to the first of October, for them to perform
their duty, and they cannot be excused from such per-
formance, because they have seen fit to certify an as-
sessment roll which they have attempted to complete
in their own wrong, and in which they have disobeyed
a positive mandate of the law.

The law providing for a reduction of the assess-
ment, upon the affidavit of the party assessed, may
need amendment, so as to make the valuation refer to
the first day of June in each year. But we think the
relator has complied with the law as it is, and that the
return of the respondents is insufficient.

A peremptory mandamus must be awarded.