Mitchell and another vs. The Town of Plover.

*November 22 — December 13, 1881.*

TAXATION.   *Where lumber kept for sale is to be assessed.*

Under sec. 1040, R. S., lumber kept in a lumber yard for sale (like other "merchants' goods, wares and commodities kept for sale") is to be assessed for taxation in the assessment district in which it is located; and

the lumber, etc., mentioned in the fifth sentence of said section, and required to be assessed where the owner or his agent resides, is lumber, etc., which is neither merchants' stock nor within the terms of the fourth sentence.

APPEAL from the Circuit Court for *Portage* County.

The defendant town appealed from a judgment rendered against it. The case is sufficiently stated in the opinion.

*E. L. Browne*, for the appellant.

For the respondent there was a brief by *G. W. Cate*, and oral argument by *S. U. Pinney*.

TAYLOR, J. This action was brought by the plaintiffs and respondents for the purpose of restraining the appellant town from collecting a tax levied and assessed upon personal property owned by said respondents, and situated in said town. The property taxed was lumber, timber, shingles, and such other articles as are generally found in a lumber-yard, and was kept for sale by the respondents at such yard in said town. The respondents resided in the city of Milwaukee, nearly 200 miles from the appellant town, and their agent who had charge of said lumber-yard resided in the city of Grand Rapids, adjoining said town of Plover. The evidence also shows that the business of said respondents, at their lumber-yard in said town, was buying and selling lumber, shingles, lath, etc.

No question is raised in this case by the appellant that the action ought not to be maintained because it is an action to restrain the collection of a tax levied upon personal property. Both parties desire that the case shall be determined upon the question of the right of the appellant town to levy and collect the taxes sought to be enjoined. The point made by the learned counsel for the respondents, against the right of the town of Plover to levy and collect taxes upon the property of the respondents in their lumber-yard situated in said town, is that they are not residents of said town, nor is their agent, in charge of said lumber-yard, a resident thereof. Whether said property

was rightfully assessed and taxed in the town of Plover, depends upon the construction which must be given to section 1040, R. S. The section reads as follows: "All personal property shall be assessed in the assessment district where the owner resides, except as hereinafter provided. If such owner be a nonresident of the state, but have an agent residing in this state, in charge of such property, then the same shall be assessed in the district where such agent resides; otherwise, in the district where the same is located, except as hereinafter provided. Merchants' goods, wares, commodities kept for sale, tools and machinery, manufacturers' stock, farm implements, live stock, and farm products, excepting grain in warehouse, shall be assessed in the district where located. Saw-logs and timber, which are to be sawed and manufactured in any mill within this state, which is owned or leased by the owner of such logs and timber, shall be assessed as manufacturers' stock in the district where such mill may be located. Saw-logs, timber, railroad ties, lumber, and other articles not being manufacturers' stock, shall be assessed where the owner or his agent, in the case aforesaid, resides. No change of location, or sale of any personal property, after the first day of May in any year, shall affect the assessment made in such year. As between school districts, the location of personal property for taxation shall be determined by the same rules as between assessment districts."

Both the learned counsel who argued the case orally in this court, agree that the property in question is "merchants' goods, wares and commodities kept for sale," within the meaning of that part of said section which provides that "merchants' goods, wares and commodities kept for sale" shall be assessed in the district where located; and we have no doubt as to the correctness of this proposition. The words above quoted were clearly intended to cover all kinds of property kept for sale by merchants, and the word "merchants" must receive its most extended meaning, and include all persons

who keep for sale and sell any kind of chattel property at a fixed place. Men who keep lumber-yards for the purpose of buying and selling lumber at retail or wholesale, are merchants, within the meaning of the statute, as well as the man who buys and sells dry goods, groceries or hardware. They are dealers in lumber, buyers and sellers thereof, and their stock in trade is clearly "merchants' goods, wares and commodities." Men dealing in lumber and keeping lumber-yards, where lumber is bought and sold, are spoken of and designated as lumber merchants in the ordinary conversation of business men.

The question being settled that the property of the respondents in their lumber-yard in the town of Plover, and upon which the tax sought to be restrained was levied, is merchants' stock, within the meaning of the statute above quoted, it is clear that the same was properly assessed and taxed in said town, where the same is located, unless the subsequent provisions of said section except this particular kind of merchants' goods, etc., from merchants' goods generally, spoken of in said first provision, and require this kind to be taxed at some other place than where located, when the owner is not a resident of such place. The learned counsel for the respondents have urged with great force that the subsequent provision of the section, which declares that "saw-logs, timber, railroad ties, lumber, and other articles, not being manufacturers' stock, shall be assessed where the owner or his agent, in the case aforesaid, resides," excepts the articles mentioned therein out of the general provision as to where merchants' goods shall be assessed, and makes them assessable only where the owner, or agent in charge of them, resides, whether they be merchants' goods, etc., or not. On the other hand, the learned counsel for the appellant insists that this provision must be restricted to such kinds of lumber, railroad ties, etc., as are not merchants'. goods within the meaning of the provision in regard to such goods.

After a very careful consideration of the section in question, and of the legislation upon the same subject from the time of the organization of the state down to this time, we are inclined to hold that the clause of the section relied upon by the learned counsel for the respondents must be restricted in its meaning, and does not cover, and was not intended to cover, lumber, timber, railroad ties or other similar articles which are merchants' goods, wares, and commodities kept for sale, mentioned in the third clause of the section.

The first legislation of this state upon the subject of the place where merchants' goods and wares should be assessed and taxed, is found in section 11, ch. 13, R. S. 1849, which reads as follows: "Sec. 11. All goods, wares and merchandise kept for sale in this state, all stock employed in any of the mechanic arts, and all capital and machinery employed in any branch of manufactures or other business within this state, owned by a corporation out of this state, or by any person or persons whether residing in or out of the state, shall be taxable in the town or ward where the same may be, either to the owner thereof, or to the person who shall have charge of or be in possession of the same." This section seems to have remained unchanged until 1859, when it was re-enacted as section 11, ch. 18, R. S. 1858, in the identical language of the section in the Revised Statues of 1849.

In 1858, and before the Revised Statutes of that year took effect, the legislature revised the tax laws by chapter 115 of that year, which is published in the Revised Statutes of 1858, pp. 239–248. This law not having provided in express terms where personal property of the kind mentioned would be taxed, it was amended by chapter 295, Laws of 1860. Subdivision 4 of section 1 of this chapter provides that merchants' and manufacturers' stock shall be listed or taxed in the town or ward in which it was situated at the time of listing, but all other personal property shall be listed and taxed in the town or ward in which the person charged with the tax thereon re-

sided at the time such property was listed. In 1865 the legislature again revised the tax laws by chapter 538, Laws of 1865; and in section 5 of that act it is provided that "merchants' and manufacturers' stock shall be listed and taxed each year in the town or ward in which it was situated on the fifth day of June in each year; but all other personal property shall be listed and taxed each year in the town or ward in which the person charged with the tax thereon resided on the fifth day of June in such year."

In 1868 the legislature again revised the tax laws by chapter 130, Laws of 1868, and section 20 of that chapter re-enacts the provision in regard to merchants' and manufacturers' stock found in all the previous laws, and adds thereto "tools, machinery and farm products," making them all taxable in the town or ward where located, and declares "that all other personal property shall be assessed in the town or ward where the owner resides." An exception is then added in the following language: "Excepting that saw-logs, timber and lumber, and any article of personal property *in transit*, shall be assessed in the town or ward where the owner resides; but if such owner be a non-resident of this state, then such property may be assessed wherever such owner's place of business may be located." This is, I think, the first time that saw-logs, timber, and lumber are mentioned in the assessment laws as a distinct kind of property for assessment. But it will be seen that this exception in no way modifies the provision in regard to the rule which requires the taxation of merchants' stock in the place where located. Such stock still remained taxable where located.

In 1872 the legislature again revised the tax laws, so far as the particular section thereof fixing the place where personal property shall be taxed, is concerned. Chapter 148, Laws of 1872. Section 1 of this chapter reads as follows: "Merchants' goods, wares, commodities kept for sale, tools and machinery, manufacturers' stock, farm implements, live stock

and farm products, excepting grain in warehouse, and such personal property as may be owned by non-residents who shall have no agent or place of business in this state, shall be assessed in the town or ward where the same may be located. Saw-logs and timber which are to be sawed and manufactured in mills within this state that are owned or leased by the owners of said logs and timber, shall be assessed as manufacturers' stock in the town or ward where such mill or mills may be located. Saw-logs, timber, railroad ties, lumber and all other articles of personal property belonging to residents within this state, and to non-residents who have an agent in this state, not considered manufacturers' stock by the owners thereof, owning mills and manufactories to manufacture the same, shall be assessed as personal property in the town or ward where the owner or agent resides, and all logs, lumber, railroad ties and timber or other articles of personal property belonging to non-residents, and not otherwise assessed, shall be assessed in the town or ward where the same may be located. All personal property shall be assessed as of the first day of May in each year the assessment is made. And no change of location or sale of such property after such time as the assessments are made, in accordance with such dates, shall affect assessments."

It will be seen that the first sentence of the section prescribes that merchants' goods, etc., kept for sale, tools and machinery, manufacturers' stock, farm implements, live stock, and farm products, excepting grain in warehouse and such personal property as may be owned by non-residents who shall have no agent or place of business in this state, shall be assessed in the town or ward where the same may be located. The exception in this provision of "grain in warehouse and such personal property as may be owned by non-residents who shall have no agent or place of business in this state," leaves all property not "merchants' goods, etc., tools and machinery, farm implements, live stock, and farm products," to be pro-

vided for by the subsequent parts of the section. The second sentence prescribes where saw-logs and timber intended to be manufactured in mills situate in this state shall be assessed, when such mills are owned or leased by the owners of the logs and timber so intended to be manufactured. The third sentence, in substance, provides that all other personal property, for which the place of taxation is not prescribed in the first and second sentences, and owned by residents or non-residents having agents in this state, shall be assessed and taxed in the town or ward where the owner or agent resides. And the fourth sentence prescribes the place for the assessment of all other personal property owned by non-residents not having any agent in this state.

It seems to us that any other construction of this section renders its provisions conflicting, and leaves a large class of personal property unprovided for. If the third sentence should be construed to limit its provisions to saw-logs, timber, railroad ties, lumber, and all other articles of personal property *of a like nature*, then there is nothing in the section which prescribes the place where a large part of the personal property of the state shall be assessed and taxed. Giving this provision of the section this limited construction, the section fails to prescribe where personal property other than merchants' goods, etc., tools and machinery, manufacturers' stock, farm implements, live stock, farm products (excluding grain in warehouse), saw-logs, timber, railroad ties, lumber, and other articles of a like kind, and personal property owned by non-residents of this state having no agent in this state, shall be assessed. Such a construction would render the section ineffectual to accomplish the purpose for which it was enacted. Giving the words in the third sentence their ordinary meaning, and construing the words "all other personal property" as meaning all such property not theretofore provided for, the section becomes a perfect section, and fixes the *situs* of all personal property in the state for the purpose of taxation.

It is equally clear that the words "all other personal property" in the third sentence of the section, cannot be construed as meaning "all other personal property" not before mentioned in that clause, as such construction would destroy the rule prescribed in the first sentence, requiring all merchants' goods, etc., to be assessed in the town or ward where located. It seems to me very clear that the provisions found in the third clause of the section were not intended to interfere with or in any way change the rule for assessing merchants' goods, etc., prescribed in the first sentence.

This was the law upon the subject of assessment of personal property, so far as relates to the place where the same shall be assessed, at the time the Revised Statutes of 1878 took effect, and when section 1040 of those statutes took the place of all former laws upon that subject. It is insisted by the learned counsel for the respondents, that this section changes the law so far as it relates to the place where lumber shall be assessed, even though such lumber be "merchants' goods, wares, and commodities kept for sale." This section was written by the revisers in the exact language of the section as found in the revision, and, so far as it has any bearing upon the question involved in this case, has not since been changed.

So far as we can learn from the revisers' note made upon this section, it was not their intention to change it in any of its material requirements, but they simply sought to express the ideas contained in section 1, ch. 148, Laws of 1872, in different and more concise language. We are not, however, disposed to give any undue weight to the expressed intention of the revisers. If the language used by them, fairly construed, does in fact change the place of assessment as prescribed in the act of 1872 referred to, then it must be so construed, notwithstanding the intention of the revisers was not to make any such change. The revisers had no power to enact laws, and it must be presumed the legislature enacted what they prepared, with a knowledge of the language used by them and intending that

the language so prepared and used should be interpreted according to the rules prescribed by law for that purpose, rather than by any intended construction which the revisers might have given to them. Starting out with the established fact that it had been the uniform policy of the state, from its organization, to require all "merchants' goods, wares, and commodities kept for sale" to be assessed in the town or ward where the same were located at the time when assessed, does a fair construction of this section require us to hold that the policy was intended to be and was changed by this law, and that after its enactment all "saw-logs, timber, railroad ties, lumber, and other articles of personal property, not being manufacturers' stock,". are required to be assessed where the owner or his agent resides, without regard to the fact that they are merchants' stock? After such consideration as we have been able to give the subject, and freely admitting that the very able argument of the learned counsel who argued this case for the respondents has thrown some doubt upon its meaning, so far as the question under consideration is involved, we think it can fairly be construed so as not to conflict with the rule which had always existed previous to its enactment.

The phraseology of the different sentences of the section itself is, we think, against the construction sought to be placed upon it by the learned counsel for the respondents. This section commences with a general provision, which in all the former enactments had stood as the last one. The former statutes first prescribed the *situs* for taxation of certain kinds of property particularly described, and was then followed by the general provision that all other personal property should be assessed where the owner resides. This section starts out with a general rule that all personal property shall be assessed where the owner resides, and closes with the words "except as hereinafter provided." The second sentence prescribes the rules as to nonresident owners of personal property, and it will be noticed that this sentence also concludes with the same words

as the first, viz., " except as hereinafter provided." The third sentence prescribes where merchants' goods and commodities, and several other kinds of property named, shall be assessed, but the words " except as hereinafter provided " are omitted. This sentence qualified the two preceding sentences, and is clearly one of the things referred to in the first and second sentences as being " hereinafter provided."

The third sentence differs from the first and second in this, that the property mentioned in it is to be assessed in the district where located, in all cases and without any exception. There is no proviso which authorizes us to construe the subsequent provisions of the section as in any way qualifying or controlling this. The fact that exceptions were expressly made in the first and second sentences, and not in the third, is an almost conclusive argument for holding that there was no intention on the part of the law-makers to restrict or limit it in any way by any subsequent provision, making a different rule applicable to a particular kind of merchandise; nor do we think there is anything in the following sentences which clearly indicates any such intention. The next sentence clearly indicates its purpose, and has no reference to any merchants' stock. The one following that is the only one which can, by any plausible argument, be said to change the rule as laid down in the third sentence. It must be admitted that this sentence seems to be a repetition of what had been before provided for in the first and second sentences, and was, perhaps, wholly unnecessary to perfect the section; yet we are of the opinion there could have been no intent to change the meaning of the third sentence by its provisions. There is, perhaps, some reason for putting it in, following the provision making logs and timber in certain cases manufacturers' stock, which would not be such under the terms used in the third sentence, and prescribing a different place for their assessment; or it may have been inserted *ex industria*, and for fear something had been omitted in the previous provision, or to cover property in transit, as

was done in the act of 1868. But, whatever may have been the reason for its insertion, it seems to us quite clear that it was not intended to change the rule as to the assessment of merchants' stock as fixed by the third sentence. If this part of the section were held to control the rule prescribed in the third sentence, then we should have this result: In every case where a merchant had shingles, lath, lumber, or any other articles of that kind, as a part of his stock, and he resided in the state, or, if a non-resident, had an agent in the state, but not at the place where his business was done,— one part of the stock would be assessed where it was located, and the other at the place where he or his agent resided. We know that very many county and village merchants, and probably some in our larger cities, keep for sale, as a part of their stock in trade, shingles, lumber, lath, and other articles of like nature, and buy and sell the same, in connection with their trade in dry goods, hardware or groceries. If we give this part of the sentence the construction contended for, we shall have the absurdity above stated of dividing the merchants' stock, and assessing one part in the town where located, and the other in a distant and different town. We do not think the provision referred to should be construed so as to bring about such a result. The sentence should be read in a restricted sense, as not including anything which is covered by the words "merchants' goods, wares, and commodities kept for sale," used in the third sentence of the act. Any other construction leads to an absurdity, and tends to unnecessarily embarrass the assessment and collection of taxes at the places where the property of merchants is located.

We hold that the personal property in the respondents' lumber-yard in the town of Plover, kept there by them for the purpose of sale, was merchants' goods, wares, and commodities kept for sale by them as merchants, and was rightfully assessed and taxed in said town by the proper authorities thereof; that the fifth sentence in section 1040, R. S. 1878, does not limit

or restrict in any way the provisions in the third sentence of said section; and that all merchants' goods, etc., are to be assessed and taxed in the town where located, irrespective of the character or kind of property which composes such stock. This view of the case renders it wholly unnecessary to discuss or determine the other questions which were raised and argued upon the hearing of the case.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to the circuit court to dismiss the respondents' complaint.