JANUARY TERM, 1885. 77

Pennsylvania Coal Co. vs. Porth, City Clerk, etc.

PENNSYLVANIA COAL COMPANY, Respondent, vs. PORTH, City Clerk, etc., Appellant.

*March 12 — April 28, 1885.*

*Taxation: Assessment of merchants' goods.*

The value of a stock of goods or commodities kept for sale, on hand on the 1st of May, and not the average value of the stock on hand during the year, is the proper basis for the assessment thereof for taxation.

APPEAL from the Circuit Court for *Milwaukee* County.

Upon an affidavit, the substance of which is stated in the opinion, the plaintiff applied for a writ of *certiorari* to the city clerk, to bring up for review the proceedings of the board of review of the city of Milwaukee. The clerk appeared and waived the issuance of the writ, and it was stipulated that the facts stated in the affidavit were true. Upon the hearing the court adjudged that the assessment of the plaintiff on account of personal property be reduced to $10,928, and that the assessment roll be amended accordingly. From such order or judgment the defendant appealed.

The cause was submitted for the appellant on the brief of *Robert Luscombe*, City Attorney, and for the respondent on that of *Vandyke & Vandyke*.

COLE, C. J. It was stipulated that the affidavit on which the application for the writ of *certiorari* was founded, contained the facts relating to the assessment. It appears that the respondent is a foreign corporation engaged in the coal trade, and carrying a large stock of coal in its yards at Milwaukee, for the supply of the local market, and for shipment to points in the interior. On May 1, 1884, the company owned and had in its possession, in the city of Milwaukee, personal property, consisting of coal at its yard,

partly held for sale and partly awaiting shipment, of the value of $9,428, and tools, implements, and machinery used in operating its yard, office furniture and fixtures, of the value of $1,500, together aggregating $10,928. During the year preceding May 1, 1884, the company did not have any money, notes, stocks, bonds, mortgages, or other securities in its possession at said city, except about the average sum of $2,000, which was expended by it in the operation of its coal-yard; that, except as above stated, the company did not own, hold, or possess, either in its own right or in any capacity whatever, any personal property of any kind or description liable to taxation or assessment in the city. On the assessment roll returned by the assessor to the board of review on the last Monday of June of that year the company was assessed at the sum of $30,000 on account of the value of merchants' stock, and was assessed on no other personal property. The company, feeling aggrieved by this assessment, appeared before the board of review, and its agent was examined under oath and disclosed the above facts. No other witnesses were examined. The board was requested to reduce the assessment to $10,928, which represented the value of its personal property in its possession on May 1, 1884, which the board declined to do. The board claimed that $30,000 represented the value of the average amount of coal in the possession of the company in the city during the year next preceding May 1, 1884, and that its property should be assessed for taxation according to that rule. Was this a correct view of the law? We think it is very clear that it was not.

The statute provides that " all personal property shall be assessed as of the first day of May in such year." Sec. 1033, R. S. Sec. 1040 provides that the personal property of a nonresident shall be assessed in the assessment district where its agent having charge of its property shall reside. Also that no change of location or " sale of any personal

property after the first day of May in any year shall affect the assessment made in such year." See ch. 354, Laws of 1883. These provisions clearly "fix the property for taxation, in its location and ownership, on the first day of" May. *State ex rel. Ward v. Assessors,* 1 Wis. 346; *Wis. Cent. R. Co. v. Lincoln Co.* 57 Wis. 138. As to this kind of property, its value on that day is taken as the basis of assessment. These provisions of the statute are so plain that they do not admit of construction or exposition. The case of *Mitchell v. Plover,* 53 Wis. 548, is instructive on the point as to where lumber kept for sale, and having an actual *situs* different from the domicile of the owner residing in the state, should be assessed. See, also, *Hurley v. Texas,* 20 Wis. 634.

But the real controversy in this case is as to the proper rule of assessment. The respondent's counsel contends that the cash value of the property on the 1st day of May is the true basis. The city attorney claims that the rule of the statute is that the company is to be assessed, not upon the value of the coal which it has on hand on the 1st of May, but upon the average amount of stock in its possession during the year preceding that day. The latter is doubtless the rule as to some kinds of personal property, such as money, notes, bonds, mortgages, and other securities (sec. 1056, R. S.), but it does not apply to the property in question. This conclusion irresistibly follows from the provisions requiring all personal property — which includes merchants' goods and commodities kept for sale — to be, as far as practicable, valued by the assessor upon actual view at their true cash value (sec. 1056), and to be assessed as on the 1st day of May (secs. 1033, 1040), which necessarily implies that the value on that day is the true basis for the assessment. The counsel for the city says that the company's stock of coal is reduced to a very small amount on the 1st day of May, and he insists that it would be more

just and equitable to require it to pay taxes on the average amount of its stock on hand during the year. Such we believe was the provision of the law of 1865 (ch. 538, sec. 13), but it was soon abandoned by the legislature. That rule now seems to be in force only in respect to the kind of personal property which we have above alluded to. It would be pure legislation for the courts to hold, under the present law, that the company could be legally assessed upon the average value of the coal which it had in its possession or under its control during the year. That might be a very just and fair rule, but, until the legislature prescribes it, the assessors and taxing officers have certainly no right or authority to assess personal property like that under consideration upon that basis.

The affidavit shows beyond all controversy that the assessment of $30,000 was excessive. The board of review should have reduced it to the sum of $10,928, which it had on the 1st of May liable to taxation.

It follows from these views that the order or judgment of the circuit court was correct, and must be affirmed.

*By the Court.*— Ordered accordingly.