TORREY and others, Appellants, vs. SHAWANO COUNTY, Respondent.

*February 7 — February 24, 1891.*

*Taxation: Ties, poles and posts are "merchants' goods."*

1. Railroad ties, telegraph poles and posts kept for sale are "merchants' goods, wares and commodities," within the meaning of sec. 1040, R. S., as amended by ch. 258, Laws of 1882, and are taxable where they are kept for sale, though the owner resides in another county of this state.

2. Such ties, poles and posts, purchased in piles upon the right of way of a railroad company in one county, by merchants residing and doing business in another county, and kept where purchased until resold by the owners at their place of business, are taxable in the county where they are so kept.

APPEAL from the Circuit Court for *Shawano* County. The case is fully stated in the opinion.

For the appellants there was a brief by *Gary & Forward,* and oral argument by *C. H. Forward.* They argued that the property was taxable where the owners resided in this state, otherwise ch. 258, Laws of 1882, fixing the place of taxing such property belonging to nonresidents, was unnecessary. This property was not "merchants' goods," nor was it kept for sale in Shawano county. That which was

involved in *Mitchell v. Plover*, 53 Wis. 548, and that in *Washburn v. Oshkosh*, 60 id. 453, were kept at the plaintiff's yard where assessed. In the case of *Sanford v. Spencer* 62 Wis. 230, the plaintiffs had an agent in this state who looked after the property and kept it for sale at Spencer, but this was piled at different points along the railroad track, and not in plaintiffs' yard, nor was there any one in charge of it where assessed.

For the respondent the cause was submitted on the brief of *G. C. Dickinson*.

TAYLOR, J. This is an action to recover for taxes paid by the plaintiff under protest, levied and assessed upon certain personal property of the ·plaintiff. The taxes were levied and assessed upon a lot of cedar ties, posts, and poles, situate in the town of Wittenberg, in said county of *Shawano*.

On the trial the following admissions were made, viz.: "It is admitted that on the first day of May, 1888, town officers of the town of Wittenberg assessed certain property belonging to the plaintiffs located at Wittenberg; that the tax was not paid by the plaintiffs to the town, and was returned delinquent to the county treasurer of *Shawano* county, who scheduled these taxes with others, as required by law, annexed his warrant thereto, and placed the same in the hands of M. M. Porter, sheriff of *Shawano* county, for collection; that on or before the 14th day of May, 1889, said sheriff had said warrant in his possession for the collection of said taxes; that on the 14th day of May, 1889, plaintiffs paid to said sheriff the sum of $48.23, which included $2.30 sheriff's fees, and that said money was paid by the sheriff, less his fees, $2.30, to the county treasurer of *Shawano* county."

The defendant made no contention that the plaintiffs had voluntarily paid the tax in question. The only question

litigated was whether the property was taxable in the town of Wittenberg, or whether it should have been assessed and taxed to the plaintiffs at their place of residence at Clintonville, Waupaca county. After hearing the evidence, both parties moved that the court direct a verdict. The plaintiffs asked the court to direct a verdict in their favor. This was denied, and, on motion of the defendant, the court directed a verdict in its favor, to which the plaintiffs duly excepted. After verdict, the plaintiffs moved for a new trial on the minutes of the court, which was overruled and exception taken, and from the judgment entered in favor of the defendant, plaintiffs appeal.

The ground upon which the court directed a verdict for the defendant was that the evidence showed conclusively that the property in question, at the time it was assessed and taxed, "was merchants' goods, wares, or commodities, kept for sale" by the plaintiffs in the town of Wittenberg, and so were assessable and taxable in that town. The only question for the consideration of this court is whether the evidence supports the contention of the respondent county.

There is no dispute as to the facts on the evidence. The plaintiffs are merchants, doing business in Clintonville, at which place their sales were made as a general thing. The ties, posts, and poles belonging to the plaintiffs in the town of Wittenberg were delivered to the plaintiffs at that place, on the right of way of the Lake Shore Railroad Company. They were delivered at or near the station, so that they could be loaded on the cars from the places where they were situated upon the right of way. Most of the ties, posts, and poles owned by the plaintiffs at that place were shipped directly from there to the persons purchasing the same, and only a small percentage of them was brought to their business place at Clintonville. Most of the sales and purchases of these ties, posts, and poles were made at Clintonville, and shipped directly to the purchasers from the

place of their location at Wittenberg. The plaintiffs did not, however, keep an agent or clerk at Wittenberg for the purpose of selling such ties, posts, and poles. Under objection of the plaintiffs, one of them, as a witness in the case, testified that these posts, ties, and poles were kept at Wittenberg for sale. If there was any error in admitting this evidence it is not made a point by the appellants in this court. But we think, as the court thought, that, irrespective of such statement of one of the plaintiffs, the evidence clearly shows that the property was bought by the plaintiffs at Wittenberg, and kept there for sale, and was so kept there until it was sold, with very little exception.

The contention of the learned counsel for the appellants is that these " ties, poles, and posts " were not "merchants' goods, wares, or commodities," within the meaning of that clause in sec. 1040, R. S., above quoted. The contention is not so much that this property was not kept for sale at Wittenberg as it is that it was not "merchants' goods, wares, or commodities," within the meaning of that part of said section. We think the circuit court decided rightly that this case cannot be distinguished from the cases heretofore decided by this court. See *Mitchell v. Plover*, 53 Wis. 548; *Washburn v. Oshkosh*, 60 Wis. 453; and *Sanford v. Spencer*, 62 Wis. 230. Within the rule stated in these cases, the ties, posts, and poles assessed in this case are clearly " merchants' goods, wares, or commodities." There is nothing in the nature of these articles which takes them out of the definition given to "merchants' goods," etc., in the cases above cited. That the plaintiffs in this action were merchants doing business and residing at Clintonville, in this state, cannot well be denied, and that the goods, wares, and commodities which they bought and sold as such merchants were mostly cedar ties, posts, and poles. Webster defines the word "merchant" as a person " who buys goods to sell again; any one who is engaged in the

purchase and sale of goods." That these plaintiffs were engaged in the purchase and sale of the ties, posts, and poles assessed and taxed in the town of Wittenberg is clearly established by the evidence in the case, and, under the rule laid down in the cases above cited, were taxable in said town of Wittenberg.

The learned counsel for the appellants insist that the amendment made to sec. 1040, R. S., by ch. 258, Laws of 1882, was intended to and does change the rule laid down in the cases above cited, and that it was intended as a legislative declaration that ties, posts, and poles should not thereafter be held to be "merchants' goods, wares, or commodities." We cannot agree with the learned counsel in this contention. The amendment in no way refers to the clause in the statute which declares where "merchants' goods," etc., shall be assessed, but is an amendment of that clause of the section which declares where the property of non-residents of the state shall be assessed, and provides that as to all saw-logs, timber, railroad ties, and telegraph poles cut in this state, owned by a nonresident, and having no agent in this state, shall be assessed in the assessment district where the same shall be banked or piled for shipment either by water or railroad. It does not seem to us that the legislation was intended to declare that the articles mentioned in it should not thereafter be considered "merchants' goods," etc., when owned by a resident of this state, and kept for sale at any place within this state. This property was properly assessed and taxed in the town of Wittenberg.

*By the Court.*— The judgment of the circuit court is affirmed.