THE TOWN OF EAGLE RIVER, Appellant, vs. BROWN and another, Respondents.

*March 25 — May 2, 1893.*

*Taxation: Logs and timber: Place of assessment: Sale.*

1. Under sec. 1040, S. & B. Ann. Stats., logs banked on a river and kept there for sale were properly assessed in the town in which they were so located; and the assessment thereof in that town to the persons owning them on May 1 was not affected by a subsequent sale, although the purchasers had them listed and assessed to them as manufacturers in another town.
2. Where logs were assessed to the persons owning them on May 1, the substitution of the names of subsequent purchasers, by the assessor or board of review, was unlawful, and such purchasers are not liable for the tax.

APPEAL from the Circuit Court for *Oneida* County.

Action to recover a tax levied upon certain pine logs. The facts are sufficiently stated in the opinion. The plaintiff appeals from a judgment in favor of the defendants.

The Town of Eagle River vs. Brown and another.

For the appellant there was a brief by *N. A. Colman* and *Alban & Barnes,* and oral argument by *John Barnes.* *A. W. Shelton,* for the respondents.

ORTON, J. The material facts of this case are as follows: The firm of Hunter & O'Connor, during the winter of 1890 and 1891, and within six months before the 1st day of May, 1891, cut between fourteen and fifteen million feet of pine logs, and banked the same on the St. Germain waters of the Wisconsin river, within the town of *Eagle River,* and owned the same on the 1st day of May, 1891, and kept said logs for sale where they were so banked. On the 26th day of May following, the said firm of Hunter & O'Connor sold the said logs, where they were so banked and kept for sale, to the respondents, *Brown & Robbins.* The said logs were assessed by the assessor of said town of *Eagle River* to the said firm of Hunter & O'Connor as of the 1st day of May, 1891, where they were so banked and kept for sale. On the 11th day of June, 1891, *W. H. Brown,* of the firm of *Brown & Robbins,* the respondents, made an affidavit to the effect that said firm was the owner of the said logs that are and were banked or piled at the main Wisconsin river on St. Germain, in the town of *Eagle River,* and that said logs are to be manufactured at the mills owned by them and others located at Rhinelander, in the town of Pelican, in the county of Oneida. On the same day one J. T. Hogan made an affidavit that he is the assessor of the said town of Pelican, and that said logs were listed with him and assessed by him to said *Brown & Robbins.* One F. W. McIntire testified as a witness on the trial that he was chairman of the town of *Eagle River* and an officer of the board of review of that town; that he knew the logs banked on the St. Germain waters of the Wisconsin river in the winter of 1890 and 1891 by Hunter & O'Connor, and assessed to them in the spring of 1891; that they were

The Town of Eagle River vs. Brown and another.

changed on the assessment roll of the town of *Eagle River* about the middle of July, 1891, to said *Brown & Robbins* by the assessor of said town, while the said board of review was in session, the assessor being present by the direction of the said board and of himself; and that said *Brown* told him to have said logs assessed to *Brown & Robbins*, instead of Hunter & O'Connor, and showed him the above affidavits which were on file in the clerk's office. The assessment roll was in evidence, which showed that said change of the assessment had been made. The change was made by the direction of the board of review when in session. But there is no record of any such action of the board, and none was ever made. The said *Brown*, as a witness on the trial, testified that he never made any such request to the board or to the said McIntire, and never requested or directed such a change of the assessment; that he merely said that said firm of *Brown & Robbins* owned the logs, and that they were assessed to them in the town of Pelican. Timothy O'Connor testified that his firm of Hunter & O'Connor cut and banked said logs in the town of *Eagle River*, and had them there for sale, and had never made any arrangements to manufacture them. This action is brought by said town of *Eagle River* to recover the said tax from the defendants, *Brown & Robbins.*

The above facts are substantially found by the court, and judgment was rendered in favor of said *Brown & Robbins*, the respondents, from which the plaintiff town has appealed to this court. On the only issue of fact the court found that the defendants, *Brown & Robbins*, never instructed the said board of review to assess said logs to them, and never informed said board that they were the owners of said logs at the time as of which they should be assessed. Sec. 1040, S. & B. Ann. Stats., provides that " no change of location or sale of any personal property after the first day of May in any year shall affect the assessment

made in such year." It also provides that "merchants' goods, wares, and commodities, kept for sale, . . . shall be assessed in the district where located." The case of *Torrey v. Shawano Co.* 79 Wis. 152, rules this case, so far as the district in which these logs should have been assessed is concerned. In that case the property was railroad ties, telegraph poles, and posts kept for sale, and they were held to be assessable in the district where they were so kept for sale or located. In the above section saw logs are classed with railroad ties, lumber, etc.

1. The logs were assessable in the town of *Eagle River* where they were banked and kept for sale, or where they were located when the assessment should have been made and was made.

2. The logs were assessed by the assessor of said town as of the 1st of May, 1891, while they were located in said town.

3. They were assessed properly to Hunter & O'Connor, who owned them on the 1st day of May, 1891, and until the 26th day of the same month.

4. The change of title to said logs, or their sale to *Brown & Robbins* on the 26th day of May, 1891, did not affect the assessment so made to Hunter & O'Connor.

5. The assessor of the town of *Eagle River* had no right or authority, by the verbal direction of the board of review or otherwise, to change said assessment from Hunter & O'Connor to *Brown & Robbins*, on account of such change of title to the property on the 26th day of May, 1891. There is no record evidence of any action of the board of review in directing such a change of the assessment, and, if there had been, such action on their part would have been without authority and unlawful. Ch. 258, Laws of 1882, only relates to the property of nonresidents, and ch. 473, Laws of 1891, had not taken effect until after the logs had been properly assessed to Hunter & O'Connor in

the town of *Eagle River*, and the tax of that year had attached to them. That act, if it had taken effect, embodies the same provision that "no change of location or sale of any personal property, after the first day of May in any year, shall affect the assessment made in such year." The unaccountable action of *Brown & Robbins* in having the logs listed and assessed against them as manufacturers, after they had purchased them, in the town of Pelican, where their mills were situated, did not of course affect the assessment of the logs to Hunter & O'Connor, while they owned them, before the 26th day of May of that year. Whether by such action they may not be estopped to deny the legality of that assessment is a question not in this case. They are clearly not liable to pay the tax assessed on the logs in the town of *Eagle River* to Hunter & O'Connor, while they owned them and kept them for sale in that town. There was no valid assessment and there is no lawful tax in said town against the respondents on these logs. There can be no other result.

*By the Court.*— The judgment of the circuit court is affirmed.