VÁLENTINE–CLARK COMPANY, Appellant, vs. SHAWANO COUNTY, Respondent.

*December 16, 1903—January 12, 1904.*

*Taxation: Foreign corporations: Personal property: Situs for assessment: "Merchants' goods, wares, and commodities."*

Plaintiff, a foreign corporation dealing in cedar posts and poles, had its yards and a resident agent at New London, in Outagamie county. On the first of May it owned a quantity of cedar posts and poles cut and piled at Aniwa, in Shawano county, where it inspected and pealed them, and then gradually shipped them as cars could be obtained, mostly to its New London yard, but some directly to purchasers as orders were received at its New London office. Sec. 1040, Stats. 1898, provides that the personal property of a foreign corporation, having an agent residing in this state, shall be assessed in the district where the agent resides; that "merchants' goods,

wares, and commodities kept for sale . . . shall be assessed in the district where located;" that saw logs and timber which are to be sawed·or manufactured in this state by or for the owner shall be assessed in the district where the mill is located, and that saw logs, etc., and other articles not being manufacturer's stock, shall be assessed in the district where the owner or agent in charge resides. Plaintiff returned its property at Aniwa for assessment and taxation at New London, but it was also assessed, and taxed as merchants' stock in Shawano county. Plaintiff paid the taxes so levied in Shawano county under protest, and brought suit to recover them back. *Held*, that such poles and posts were merchants' goods, wares, and commodities, and were "kept for sale" in Shawano county, within the calls of said sec. 1040, and hence taxable there.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

The plaintiff filed a claim with the county board of *Shawano county* to recover personal property taxes for 1900, paid by it under protest. The claim being disallowed by the county board, the plaintiff appealed to the circuit court, where the action was tried by the court, and the appeal dismissed upon findings of fact, and the plaintiff appeals to this court. Many of the facts were stipulated, and there was no very serious dispute as to the other facts. It appeared that the plaintiff was a foreign corporation dealing in cedar posts and poles, and having a yard at the city of New London, Outagamie county, where it also has a resident agent in charge of its business; that on May 1, 1900, it owned considerable quantities of cedar posts and poles which had been cut in the vicinity and were piled in the village of Aniwa and Birnamwood and the town of Aniwa, *Shawano county;* that the plaintiff's custom was to inspect and peel the posts and poles at these places; that no agent or office was kept at either of these places, but the posts and poles were gradually shipped away as cars were obtained, the greater part being shipped to the New London yard to await sale, but some portion being shipped directly to purchasers as orders were received at the New London office. The plaintiff's evidence

tended to show that only ten to twelve per cent. was shipped direct to customers, but there was other proof tending to show that the amount so shipped was considerably larger. The plaintiff returned this property for assessment and taxation at New London, but it was also assessed and taxed as merchants' stock in *Shawano county,* and the taxes so levied in *Shawano county* and paid under protest are now sought to be recovered in this action.

*C. H. McDonald,* attorney, and *Charles E. Vroman,* of counsel, for the appellant.

*E. V. Werner,* for the respondent.

WINSLOW, J. The question in this case is whether the posts and poles piled at Aniwa and Birnamwood, in *Shawano county,* and awaiting shipment, were taxable in that county, or in Outagamie county, where the plaintiff's yard was located and their agent resided. The question depends upon the construction to be given to the terms of sec. 1040, Stats. 1898. Whatever might be our conclusion as to the proper construction of this section as an original proposition, the question seems to have been already settled by the decisions of this court. So far as necessary to be stated, that section provides generally: That personal property shall be assessed in the district where the owner resides, except as otherwise provided. That if the owner be a nonresident, or a foreign corporation, having an agent residing in this state, it shall be assessed in the district where the agent resides, but, if there be no agent, then in the district where the same is located, except as otherwise provided. "Merchants' goods, wares, and commodities kept for sale . . . shall be assessed in the district where located." Saw logs and timber which are to be sawed or manufactured in any mill in this state by or for the owner shall be assessed in the district where the mill is located, but saw logs, timber, ties, lumber, and other articles, not being manufacturers' stock, shall be

assessed in the district where the owner or agent in charge of the same resides.

It is clear from our decisions that such property as is in question here, if owned, as in the present case, by a lumber or timber merchant, and kept for sale, is covered by the words "merchants' goods, wares, and commodities." Being such, it is not included in the subsequent clause providing that saw logs, timber, ties, lumber, and other articles, not being manufacturers' stock, is to be assessed where the owner or agent in charge resides. *Mitchell v. Plover,* 53 Wis. 548, 11 N. W. 27; *Torrey v. Shawano Co.* 79 Wis. 152, 48 N. W. 246. The question simply is, therefore, whether the posts and poles were "kept for sale" in *Shawano county.* The appellant's contention is that they were really only in transit to the yard at New London, and cannot in any proper sense be said to have been "kept for sale" or "located" in *Shawano county.* This contention is fully answered by the decision in the case of *Sanford v. Spencer,* 62 Wis. 230, 22 N. W. 465. That was a case where lumber owned by nonresident lumber merchants, having no agent in this state, was piled at Spencer, and from there was shipped partly to purchasers and partly to the owners' yards in Illinois, and it was held to be merchants' goods kept for sale at Spencer because of the fact that part of it was shipped directly to customers, although no sale was made at Spencer. In that case it was said that under the evidence there could be no doubt that all would have been sold and shipped to customers directly from Spencer had the demands of customers been sufficient. The same reasoning is equally applicable to the present case, and is controlling.

*By the Court.*—Judgment affirmed.