State ex rel. Lake Nebagamon Ice Co. v. McPhee, 149 Wis. 76.

STATE EX REL. LAKE NEBAGAMON ICE COMPANY, Respondent, vs. McPHEE, Village Clerk, Appellant.

*February 22—April 3, 1912.*

*Taxation: Personal property: Ice cut and stored: Where to be assessed: Statutes: Construction: Amendment: Board of review: Valuation.*

1. Ice cut and stored in an ice house is a commodity and is assessable as personal property.
2. The omission, in the later amendments to sec. 1040, Stats. (by ch. 191, Laws of 1901, and ch. 70, Laws of 1909), of the specific reference to "ice cut and stored" which had been inserted in that section by ch. 346, Laws of 1899, did not indicate an intention to exempt such ice from taxation, because sec. 1036, Stats. (Laws of 1899, ch. 346), classifying such ice as personal property, and the broad requirements of sec. 1040 as to the assessment of all personal property, remained unchanged.
3. Such ice is to be assessed in the district where located, under the third sentence of sec. 1040, Stats. (Laws of 1909, ch. 70), if kept there for sale, even though the owner resides in another district and negotiates sales in that other district, making shipments by rail from the place where the ice is located to purchasers in other parts of this state or in other states.
4. If not kept for sale in the district where located, such ice is nevertheless taxable in that district, under the fifth sentence of sec. 1040, Stats. (Laws of 1909, ch. 70).

5. A mere opinion of the owner with reference to the value of personal property, unsupported by facts or circumstances and coupled with evasive answers as to the quantity and market value, does not so nullify the valuation of an assessor that the board of review is without jurisdiction to confirm the latter.

APPEAL from a judgment of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Reversed.*

The appeal is from a judgment reversing an assessment upon the personal property of relator.

For the appellant there was a brief by *Grace & Hudnall,* and oral argument by *Geo. B. Hudnall.*

*C. R. Fridley,* for the respondent.

TIMLIN, J.   The relator is a domestic corporation having its principal office and place of business in the city of Superior and having on May 1, 1911, an ice house containing some 9,000 tons of ice in the village of Nebagamon.   This ice was assessed for taxation by the village assessor at a valuation of $4,000 and so placed upon the assessment roll of the village.   The president of the relator appeared before the board of review and testified that the value of the ice in question on May 1st was $1,825.25; that there was no market price on May 1st; that the relator put up 7,952 tons; that at the time of taking the ice out of the lake it was worth twenty-five cents per ton on board cars; that the capacity of the ice houses was 1,400 tons (14,000 ?) if filled up, but they were not filled up; the buildings were 142 by 200 feet with twenty-eight foot posts.   There was some evidence taken that the relator sold ice in small quantities from these ice houses at ten cents per hundred pounds; also evidence relating to the capacity of the ice houses and to what extent they were filled and the number of tons therein.   The board of review confirmed the assessor's valuation, and upon this writ of *certiorari* the circuit court reversed this action of the board.

The appellant contends (a) that the ice was properly assessable in the village notwithstanding the location of the principal office and place of business of the relator was elsewhere; (b) that the relator offered no evidence sufficient to overthrow the assessor's valuation and require the board to accept the relator's valuation in preference to that of the assessor. Prior to the amendments hereinafter considered, sec. 1036, Stats. (1898), defined personal property to include, among other things there specified, "all goods, wares, merchandise, chattels, moneys and effects, of any nature or description, having any real or marketable value." Sec. 1040, Id., related to the place of assessment, and while the statutes stood thus they received a construction which would warrant this ice, if personal property, being assessed in the village if it was kept there for sale and shipment by railroad to other places, although the sales were made in Superior. *Valentine-Clark Co. v. Shawano Co.* 120 Wis. 310, 97 N. W. 915; *Torrey v. Shawano Co.* 79 Wis. 152, 48 N. W. 246; *Sanford v. Spencer,* 62 Wis. 230, 22 N. W. 465; *Mitchell v. Plover,* 53 Wis. 548, 11 N. W. 27. That ice stored in an ice house is a commodity can hardly be doubted. See COMMODITY, 2 Words & Phrases, 1309. There is nothing in the evidence before the board or in the relation for the writ to show whether the ice was kept at the ice houses for sale, except that it appears that during May, June, and July relator shipped 109 carloads therefrom, but to whom does not appear. So that under the law as it stood in the Statutes of 1898 there was nothing affirmatively shown to impeach the assessment as made in the wrong district. The construction given to sec. 1040, Stats. (1898), prior to the amendments out of which the present controversy arose is important to keep in mind in order to properly weigh the legal effect of such amendments. There can be and there is no question that the ice is assessable as personal property. That being so we must examine sec. 1040, as amended by ch. 70, Laws of 1909, to

find the place of assessment.  It is not the property of a non-resident or foreign corporation and therefore must fall within the first sentence of the section, which reads: "All personal property shall be assessed in the assessment district where the owner resides, except as otherwise provided;" or it must fall within the third sentence of the section, which reads: "Merchants' goods, wares, commodities kept for sale, tools and machinery, manufacturers' stock, buildings on leased land when such buildings are personal property, farm implements, cord wood, live stock, and farm products, excepting grain in warehouse, shall be assessed in the district where located;" or within the fifth sentence of the section, which now reads: "Saw logs, timber, railroad ties, lumber, and other articles, not being manufacturers' stock, shall be assessed in the district where located."

Prior to the enactment of ch. 70, Laws of 1909, controversies arose in several of the above cases with reference to whether certain personal property was assessable under the third or fifth sentence above quoted, because the fifth sentence at that time required the property therein described to be assessed where the owner or agent having the same in charge resided.  The construction of sec. 1040 substantially as it reads in the Statutes of 1898 was settled in several particulars: (1) That the exception made in the first sentence above quoted took out of that part of the statute all personal property which was properly described as "merchants' goods, wares, and commodities kept for sale."  Anything falling within this description was not included within the first sentence, requiring personal property to be assessed where the owner resides. *Mitchell v. Plover,* 53 Wis. 548, 11 N. W. 27.  (2) That the fifth sentence was intended to cover only personal property of the kind therein described which was not kept at the place specified for sale, and was also taken out of the first sentence by the exception therein contained.  (3) That the use of a specific description of property in the fifth sentence, instead

of the more general description in the third sentence, did not take the property so mentioned out of the purview of the third sentence, provided such property was within the broader and more general terms of the third sentence and was kept for sale. *Ibid.; Washburn v. Oshkosh,* 60 Wis. 453, 19 N. W. 364. (4) That personal property is kept for sale in the district where it is located notwithstanding the owner resides in another district and negotiates the sales in that other district but delivers from the district where the property is located to purchasers in different parts of this state or in other states. *Valentine-Clark Co. v. Shawano Co.* 120 Wis. 310, 97 N. W. 915; *Torrey v. Shawano Co.* 79 Wis. 152, 48 N. W. 246.

While the law stood thus, ch. 346, Laws of 1899, amended both secs. 1036 and 1040, Stats. (1898), the former by inserting among the enumerated articles constituting personal property "ice cut and stored for use, sale or shipment," and the latter by inserting in the third sentence above quoted, after the words "commodities kept for sale," the words "ice cut and stored." This left such ice certainly assessable in the district where located. Ch. 191, Laws of 1901, purported to amend sec. 1040, Stats. (1898), by inserting after the words "manufacturers' stock," in the third sentence above quoted, the words "buildings on leased lands, when such buildings are personal property," so that said section when amended shall read as follows, etc. The amendment was incorporated into the statute without noticing or carrying in the amendment of the same section by ch. 346, Laws of 1899, thus omitting all specific reference to ice. There was no repealing clause, special or general, in this act of 1901.

The next amendment was by ch. 70, Laws of 1909, which purported to amend sec. 1040, Stats. (1898), to read, etc., here rewriting the whole section but not noticing either the amendment of 1899 or the amendment of 1901 above referred to. There was no repealing clause in this act. As thus rewritten in the amendment all specific reference to ice was omitted, and this amendment expressly changed the place of

State ex rel. Lake Nebagamon Ice Co. v. McPhee, 149 Wis. 76.

assessment of the property described in the fifth sentence of sec. 1040 from the district in which the owner resides to the district in which the property was located. Dropping out all reference to ice in these amendments cannot be held indicative of an intention to exempt ice from taxation, because the amendment to sec. 1036 above referred to, in which ice "cut and stored" is classified as personal property, remained unchanged, and the broad requirements of sec. 1040, requiring all personal property to be assessed in some assessment district, remained unchanged. *Nordean v. M., St. P. & S. S. M. R. Co.* 148 Wis. 627, 135 N. W. 150. The ice cut and stored, with reference to its place of assessment, must therefore fall within the first, third, or fifth sentences above quoted. Dropping the words relating to ice out by amendment could have this effect, no more. The third and fifth sentences as they now read specify the same place for assessment, namely, the district in which the property is located. This eliminates everything but the question whether or not the ice comes within the first sentence. It never was within that sentence. That sentence by its form continually casts it out. The construction heretofore given to that statute is that any personal property coming within the broad terms of the third sentence, and "kept for sale," is taken out of the first sentence by the exception contained in the latter. The amendment of sec. 1040 which dropped out of the third sentence the words relating to ice merely left that third sentence in this respect as it was before the words relating to ice were inserted by the act of 1899. If it was not "kept for sale" in the village, it merely dropped into the fifth sentence as other articles of the same genus, as saw logs or timber, viz., real property severed from the freehold and converted by labor into a marketable commodity. The ice in question was therefore properly assessed in the assessment district where located.

We are next to inquire whether the board of review acted without jurisdiction in confirming the assessor's valuation of $4,000. This latter valuation was before the board of review

and sufficient to sustain its action in confirming the same unless impeached or overthrown by testimony on the part of the relator sufficient for that purpose. A mere opinion of the owner with reference to the value of personal property, unsupported by facts or circumstances and coupled with evasive answers as to the quantity and market value of the personal property in question, while worthy of consideration by the board of review, cannot be held to so nullify the assessor's valuation that the board is without jurisdiction to confirm the latter. This rule is, we think, justly deducible from the following cases: *State ex rel. Giroux v. Lien,* 108 Wis. 316, 84 N. W. 422; *State ex rel. Vilas v. Wharton,* 117 Wis. 558, 94 N. W. 359; *State ex rel. J. S. Stearns L. Co. v. Fisher,* 124 Wis. 271, 102 N. W. 566; *State ex rel. Edward Hines L. Co. v. Fisher,* 129 Wis. 57, 108 N. W. 206; *State ex rel. N. C. Foster L. Co. v. Williams,* 123 Wis. 61, 100 N. W. 1048.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to affirm the action of the board of review.