VILLAGE OF MIDDLETON, Appellant, vs. LATHERS, Respondent.

*October 12—November 7, 1933.*

For the appellant there was a brief by *Buell & Lucas* of Madison, and oral argument by *Frank W. Lucas*.

For the respondent there was a brief by *Sanborn, Blake & Aberg* and *Ernest H. Pett,* all of Madison, and oral argument by *Mr. Pett*.

WICKHEM, J. The tax which formed the basis of this action was levied upon certain highway equipment owned by defendant and claimed by plaintiff to have been customarily kept in the village of Middleton and consequently taxable there. It was the conclusion of the trial court that the property was not customarily kept in the village of Middleton during the years 1929 to 1932, inclusive; that the property had no fixed location, and under the provisions of sec. 70.13, Stats., should be assessed in the district where the owner or person in charge of the property resides, which in this case was the city of Madison. Plaintiff contends that the court erred in finding that defendant's equipment was not customarily kept in the village of Middleton, and that this case is governed by the case of *Wisconsin Transportation Co. v. Williams Bay,* 207 Wis. 265, 240 N. W. 136.

These contentions make necessary a brief summary of the facts. The testimony of the defendant was that this property was moved about the state from job to job, and at times left at the last job and at times moved to some convenient

place pending the next job or for repair work. Defendant testified that he had a contract for snow removal in the town of Middleton during the year 1929, and moved two tractors to Middleton for snow-removal purposes and bought a snow plow after he got there. He moved into the village of Middleton with his equipment on the 17th of September, 1929, and out during the last week in March, 1930. He did some snow plowing in and around Middleton between those two dates and had repair work done at a garage. During that winter he had three or four camp cars at Middleton which were repaired. In 1930 he moved the machinery to various places in the state as its use was called for upon jobs. He had a contract for snow removal with the town of Middleton in the winter of 1930–31, and moved equipment to Middleton to take care of this contract. He did a little grading on the streets of Middleton in March, 1931. In the last week of March, 1931, he moved the equipment out. During the winter of 1931–32 he brought two tractors, one grader, and five camp cars to Middleton. He sent some of his equipment to Beloit and left some of it at Plainfield. He sent four tractors to Milwaukee. In the winter of 1929–30 he had some tractors in Michigan for logging work.

Upon these facts it is claimed by plaintiff that the case is governed by the doctrine of *Wisconsin Transportation Co. v. Williams Bay, supra.* In that case this court construed sec. 70.13 (1), Stats., which reads as follows:

"All personal property shall be assessed in the assessment district where the same is located or customarily kept except as otherwise specifically provided. Personal property in transit within the state on the first day of May shall be assessed in the district in which the same is intended to be kept or located, and personal property having no fixed location shall be assessed in the district where the owner or the person in charge or possession thereof resides, except as provided in subsection (5) of this section."

In construing this section this court, speaking through Mr. Justice NELSON, stated:

"It seems clear that the legislature had in contemplation three different classes of personal property, and provided generally where each class should be assessed for taxation purposes. One class of property is to be assessed where the same is located, another class where the same is customarily kept, and still another class of property, which has no fixed location, is to be assessed in the district where the owner or the person in charge or possession thereof resides, except as provided in sub. (5) of sec. 70.13."

Plaintiff contends·that the evidence clearly shows that each fall for four years defendant returned his equipment to the plaintiff village for storage and reconditioning, and that the legal consequences are the same as in the case of the boats which were used upon Geneva Lake during the open season and brought to Williams Bay for storage and reconditioning in the winter time. It seems to us, however, that the evidence will sustain the finding that this property was not customarily kept at Middleton in any such sense as the statute indicates, and that the court was justified in coming to the conclusion that this property had no fixed location. The defendant resided in Madison, and the evidence shows that he used this property all over the state, storing it at convenient locations, and that even the places of storage varied according to the convenience of the situation. While it might have been difficult to upset a finding that he had finally selected Middleton as permanent winter headquarters, the other inference was permissible, especially in view of the fact that defendant had a contract for snow removal and that some of this property was in use in and about Middleton. It is further significant that the defendant had property and equipment in operation or storage at several other points, and that such circumstances as convenience, the possibility of utilizing some of the equipment for winter work, and the cost of repairs, seemed to govern the location of the prop-

erty during the winter. It is not the same situation as was presented in *Wisconsin Transportation Co. v. Williams Bay, supra,* where the plaintiff for years had owned the property upon which the boats were stored, and always used this property during the winter for the sole purpose of storage and repair. It was indicated in the *Williams Bay Case* that each case must be determined upon its own facts, and here the facts permit the inferences drawn by the trial court.

*By the Court.*—Judgment affirmed.