F. F. Mengel Company, Respondent, v. Village of North Fond du Lac, Appellant.

*October 28—November 24, 1964.*

612

For the appellant there was a brief by *Edgarton & Hobbs* of Fond du Lac, and oral argument by *Neil Hobbs*.

For the respondent there was a brief by *Chambers, Nash & Pierce* of Wisconsin Rapids, and oral argument by *Lloyd L. Chambers*.

HALLOWS, J.   The issue presented is whether the village of North Fond du Lac is the proper assessment district to assess personal-property taxes on the steel.

No serious question is raised that the steel is not subject to taxation by the state under sec. 70.01, Stats., which requires taxes to be levied upon all general property in the state except as is exempt therefrom.   While the plaintiff argues the steel was impressed with a trust for the use and benefit of the state of Wisconsin and therefore was exempt from taxation under sec. 70.11 (1), relying on *State ex rel. Wisconsin University Building Corp. v. Bareis* (1950), 257

Wis. 497, 44 N. W. (2d) 259, we believe the trial court correctly disposed of this argument on the ground the steel had not been accepted by the state of Wisconsin or paid for so as to be appropriated by the state.

Both parties rely on *Cady v. Alexander Construction Co.* (1960), 12 Wis. (2d) 236, 107 N. W. (2d) 267, 108 N. W. (2d) 145, as authority for their respective views. The plaintiff contends the steel did not acquire a fixed location in the village within the meaning of sec. 70.13, Stats., so as to allow the village to assess it. The defendant contends to the contrary. Sec. 70.13, which governs the place where personal property is to be assessed,[1] provides a comprehensive scheme for taxing personal property by recognizing four classes of personal property for the purpose of determining where personal property should be taxed. Property having a fixed location is taxed in the district of that location. Property having no fixed location but customarily kept in one location is taxed where it is customarily kept. Property in transit on the assessment date and which necessarily is not located or customarily kept any place is taxed where it is intended to be kept or located. Finally, personal property which has no fixed location and not customarily kept for use in one location is taxed in the district where its owner or the person in charge of or in possession thereof resides. *Wisconsin Transportation Co. v. Williams Bay* (1932), 207 Wis. 265, 240 N. W. 136.

[1] "70.13 WHERE PERSONAL PROPERTY ASSESSED. (1) All personal property shall be assessed in the assessment district where the same is located or customarily kept except as otherwise specifically provided. Personal property in transit within the state on the first day of May shall be assessed in the district in which the same is intended to be kept or located, and personal property having no fixed location shall be assessed in the district where the owner or the person in charge or possession thereof resides, except as provided in subsection (5) of this section."

In *Williams Bay* we construed the phrase "customarily kept" of this section and held the keeping and storage of boats during the winter in a taxing district fulfilled the requirement against a claim the boats had no fixed location and should be taxed at the residence of the owner. In *Middleton v. Lathers* (1933), 213 Wis. 117, 250 N. W. 755, we held highway equipment having no fixed location and which was moved about the state from job to job but kept in a municipality several winters for storage, repairs and some snowplowing was not customarily kept in such municipality and was taxable at the residence of the owner. In *O'Keefe v. De Pere* (1960), 9 Wis. (2d) 496, 101 N. W. (2d) 649, we dealt with property admittedly having no fixed location and held the residence of a partnership-owner for the purpose of this section was its permanent place of business. By analogy, the residence of a corporation would be at its principal place of business.

In *Cady*, which dealt with both the "taxable situs" to allow the state to tax and a fixed location to allow the town of Cady to tax as a proper district, we stated "situs" meant "more than simply the place where the property is physically present" and the state must have sufficient contact or relationship with the property in order to form in fairness a basis for taxing it. The term "is located" in sec. 70.13 (1), Stats., means having a fixed location as that term is used in the same subsection; not fixed, however, in the sense of absolute permanency but having a meaning of more permanency than temporarily and also greater than customarily kept.

While the intention of the owner to move or remove personal property from a taxing district and the nature of the property do not necessarily determine the classification of the property under sec. 70.13, Stats., they are factors to be considered. We pointed out in *Cady,* the property's use

and presence under the facts of each case determine where it should be assessed.

Here, the steel was physically present in the village, lying along the railway right-of-way temporarily; it was not in a warehouse or stored. It was purchased for use in constructing a public highway and the village was but a temporary resting place. The steel arrived some three weeks before the assessment day and its removal commenced four days after assessment day and continued for approximately six weeks. The owner's intention was to remove it and it was so removed. Upon its intended use it was no longer identifiable as personal property but it might be said it had a "fixed location" as a part of U. S. Highway 41.

The presence of the steel in the village was not like a merchant's stock-in-trade or a manufacturer's inventory. Such property is considered to have some permanency in its location for the purposes of its owner's business. Typical examples of such personal property subject to tax are lumber, timber, and shingles held for resale in a lumberyard. *Mitchell v. Plover* (1881), 53 Wis. 548, 11 N. W. 27; lumber kept for sale although the sale was not made at the place where the lumber was located, *Sanford v. Spencer* (1885), 62 Wis. 230, 22 N. W. 465; and ice cut and stored in the warehouse whether kept for sale or not, *State ex rel. Lake Nebagamon Ice Co. v. McPhee* (1912), 149 Wis. 76, 135 N. W. 470.

We think the trial court was correct in finding the steel had no fixed location in the village of North Fond du Lac within the meaning of sec. 70.13 (1) and therefore the defendant was without power to impose the tax and the plaintiff is entitled to its recovery.

*By the Court.*—Judgment affirmed.