RICHARD A. ERNEY, Director State Historical Society
You have requested my opinion as to whether the Historic Sites Foundation, Inc. (HSF), is a governmental body subject to the requirements of the open meetings law.
The answer to your question is no.
Section 19.81(2), Stats., provides: "To implement and ensure the public policy herein expressed, all meetings of all state and local governmental bodies shall be publicly held in places reasonably accessible to members of the public and shall be open to all citizens at all times unless otherwise expressly provided by law."
Accordingly, under section 19.81(2) it is necessary to determine whether the HSF is a governmental body. Section19.82(1) defines the term "governmental body" as "a state or local agency, board, commission, committee, council, department or public body corporate and politic created by constitution, statute, ordinance, rule or order; a governmental or quasi-governmental corporation; or a formally constituted subunit of any of the foregoing."
From the above definition it is obvious that the only classifications relevant to your question are: (1) a public body corporate and politic created by constitution, statute, ordinance, rule or order, and (2) a quasi-governmental corporation. The answer to your question is based on the conclusion that the HSF does not fall within either classification.
In order to more fully appreciate the rationale of this opinion, some understanding of the history of the HSF is necessary.
During the fall of 1959 a special committee of the Board of Curators of the State Historical Society of Wisconsin (Society), known as the Sites Management Committee, met to consider the creation of an organization to manage the Circus World Museum at Baraboo. The Board recognized that the Society itself had no statutory authority to create a corporation. Instead, a corporate foundation was created *Page 55 
in the manner passed upon and described in 46 Op. Att'y Gen. 83 (1957). That opinion stated in part:
 Your first question reads as follows: "Does the act of incorporating the proposed nonprofit corporation require any act on the part of `The Regents of The University of Wisconsin'?"
 The answer is "No." The corporation would be formed by friends of the university and not by any act on the part of the regents. The regents in their official capacity have no statutory authority to create a corporation. If individual members of the board wanted to be incorporators, it would have to be done in their individual capacities.
46 Op. Att'y Gen. at 84.
Thus, the HSF was patterned after the corporate foundations created by the University of Wisconsin System. The creation and use of such foundations have been recognized, accepted and approved by the court. Glendale Development v. Board of Regents,12 Wis.2d 120, 106 N.W.2d 430 (1960). The court specifically noted:
 This court has repeatedly held that nonstock, nonprofit corporations organized by friends of the university for its benefit, could do things which neither the state nor the university could do directly, that such corporation is not an arm or agency of the state and does not engage the state in work of internal improvement or create a state debt. Loomis v. Callahan (1928), 196 Wis. 518, 220 N.W. 816; State ex rel. Wisconsin University Bldg. Corp. v. Bareis (1950), 257 Wis. 497, 44 N.W.2d 259; State ex rel. Thomson v. Giessel (1953), 265 Wis. 185, 60 N.W. (2d) 873; State ex rel. Thomson v. Giessel (1954), 267 Wis. 331, 65 N.W. (2d) 529; and State ex rel. Thomson v. Giessel (1955), 271 Wis. 15, 72 N.W. (2d) 577. As to creating a state debt, see State ex rel. Thomson v. Giessel (1955), 271 Wis. 15, 72 N.W.(2d) 577.
Glendale, 12 Wis.2d at 133-34.
Since Glendale it has become increasingly clear that foundations, building corporations and independent bodies politic and corporate are not considered by the court as state governmental bodies. See Wisconsin Solid Waste Recycling Auth. v.Earl, 70 Wis.2d 464, 235 N.W.2d 648 (1975); State ex rel. Warrenv. Nusbaum, 59 Wis.2d 391, 208 N.W.2d 780 (1973). *Page 56 
The issue presented, then, is whether the Legislature intended to include within the open meetings law, by its definition of the term "governmental body," corporate entities that heretofore have not been treated by the court as governmental bodies.
The reference in section 19.81(2) to public bodies corporate and politic created by law relates to those corporations that are created directly by the Legislature or indirectly through enabling legislation. Examples of corporations that fall within this statutory definition are the Wisconsin Solid Waste Recycling Authority, Wisconsin Housing Finance Authority and the now extinct Armory Board. See secs. 232.02 and 234.02, Stats.;Majerus v. Milwaukee County, 39 Wis.2d 311, 159 N.W.2d 86
(1968).
The HSF and, apparently, the numerous foundations of the University of Wisconsin System, as noted in 46 Op. Att'y Gen. 83 (1957) and as discussed in Glendale, were not created by the Legislature but were created by private citizens under the general corporation laws. Moreover, the HSF could not possibly be considered a body politic. See Watkins v. Milwaukee County CivilService Comm., 88 Wis.2d 411, 418, 276 N.W.2d 775 (1979); Burhopv. The City of Milwaukee, impleaded, etc., 21 Wis. 259 (1866).
Accordingly, it is my opinion that nonstock corporations created by statute as bodies politic, such as the Wisconsin Solid Waste Recycling Authority and the Wisconsin Housing Finance Authority, clearly fall within the term "governmental body" as defined in the open meetings law and are subject to the provisions of the open meetings law. The HSF and similar nonstock corporations do not fall within the classification under discussion because: (1) they were not created by the Legislature or by rule, etc., but were created by private citizens, and (2) they are not bodies politic.
Section 19.81(2) also expressly includes quasi-governmental corporations within its definition of a governmental body. There are no reported Wisconsin decisions that define the term "quasi-governmental." The word "quasi" is defined in Webster'sNew Collegiate Dictionary 700 (7th ed. 1977) as: "1) having some resemblance . . . by possession of certain attributes" and, "2) having a legal status only by operation or construction of law and without reference to intent." In State v. WisconsinTelephone Co., 91 Wis.2d 702, 284 N.W.2d 41 (1979), it was held that the ordinary and common meaning of words *Page 57 
may be established by the definition in a recognized dictionary. Using the dictionary definition there seems to be little doubt but that the nonstock body politic corporations created by the Legislature to perform essentially governmental functions are quasi-governmental corporations. Corporations such as the Wisconsin Solid Waste Recycling Authority and Wisconsin Housing Finance Authority were essentially created to achieve legitimate governmental functions by means that could not be employed by state agencies because of constitutional restraints.
In Rocap v. Indiek, 539 F.2d 174 (D.C. Cir. 1976), the court was concerned with whether a corporation created by congress (the Federal Home Loan Mortgage Corporation) was subject to the Freedom of Information Act. 5 U.S.C. § 552. The court concluded that because of the extent of the government's control over the corporation it was a quasi-federal entity subject to the Freedom of Information Act. Also see Eastern Service Corp. v.C.I.R., 650 F.2d 379 (2nd Cir. 1981).
The activities of the Wisconsin Solid Waste Recycling Authority and Wisconsin Housing Finance Authority are largely controlled by statute. Thus, these corporations and similar entities fall within the definition of a quasi-governmental corporation.
In contrast, the functions of the HSF cannot possibly be considered governmental. It exercises no sovereign power and does not engage in activity that is dependent on or controlled by delegation from the Legislature. The functions pursued by the HSF under its articles and by-laws are the same functions that any private nonstock corporation could engage in. Its powers are derived from the general laws of the state. The HSF is a private corporation with no governmental attributes. While the members of the Board of Curators are also directors of the HSF, they hold and administer the position of director as private citizens not as state officials.
It is therefore my opinion that the HSF is not subject to the requirements of the open meetings law.
BCL:CAB *Page 58