TIMOTHY F. CULLEN, Chairperson Senate Organization Committee
The Senate Organization Committee requests my opinion as to whether the open meetings and public records laws apply to "friends" organizations which provide financial and other support to public television and radio stations which are licensed to governmental units. Your inquiry states:
 For example, the Wisconsin Public Radio Association exists to support the activities of the state radio network; the Friends of WHA-TV support Channel 21, which is part of the University of Wisconsin-Madison; Channel 10/36 Friends supports the activities of the two television stations licensed to the Milwaukee Area Technical College; and FM 90 friends is affiliated with *Page 39 
WUWM-FM, the public radio station of the University of Wisconsin-Milwaukee.
On the basis of the limited facts furnished and information available to me, it is my opinion that, assuming the entities are organized as nonprofit educational or charitable corporations, neither the corporations nor their governing boards are subject to the open meetings or public records laws. I do not have sufficient information with respect to any formal organization FM 90 Friends may have which would form the basis for an opinion. A search of the Office of Secretary of State has failed to disclose any corporate filings with respect to that name.
The open meetings law is only applicable to organizations which fall within the definition of a governmental body set forth in section 19.82(1), Stats., which provides in material part: "`Governmental body' means a state or local agency, board, commission, committee, council, department or public body corporate and politic created by constitution, statute, ordinance, rule or order; a governmental or quasi-governmental corporation; or a formally constituted subunit of any of the foregoing . . . ."
Similarly, the public records law is only applicable to officials or organizations which fall within the definition of "authority" in section 19.32(1):
 "Authority" means any of the following having custody of a record: a state or local office, elected official, agency, board, commission, committee, council, department or public body corporate and politic created by constitution, law, ordinance, rule or order; a governmental or quasi-governmental corporation; any court of law; the assembly or senate; a nonprofit corporation which receives more than 50% of its lunds from a county or a municipality, as defined in s. 59.001(3). and which provides services related to public health or safety to the county or municipality; or a formally constituted subunit of any of the foregoing.
None of the organizations referred to was created by the Wisconsin Constitution, statute or ordinance. I have no information which would lead me to conclude that any organization referred to was created by or pursuant to "rule or order" of some governmental body, such as the Board of Regents. Educational Communications Board or Board of Directors of the Milwaukee Area Technical College. Furthermore, I have no information which would lead *Page 40 
me to conclude that any one of the organizations is a formally constituted subunit of a parent governmental body. Generally speaking a subunit would be a separate body created by the parent body and composed of members who are also members of the parent body.
Section 36.25(5) provides that:
 The board of regents, as licensee, shall manage, operate and maintain broadcasting station WHA and WHA-TV and shall enter into an affiliation agreement with the educational communications board pursuant to s. 39.14 to provide that the board of regents shall grant the educational communications board the part-time use of equipment and space necessary for the operations of the state educational radio and television networks.
Section 39.11 empowers the Educational Communications Board to manage, operate and maintain broadcasting station WLBC and to establish and operate a statewide educational radio network. Subsection (1) empowers the board to [r]eceive and disburse state, federal and private funds." Subsections (6) and (14) provide that the board shall:
 (6) Furnish leadership in securing adequate funding for statewide joint use of radio and television for educational and cultural purposes, including funding for media programming for broadcast over the state networks. The educational communications board may submit joint budget requests with state agencies and other nonstate organizations or corporations for the purposes stated above.
. . . .
 (14) Coordinate the radio activities of the various educational and informational agencies, civic groups, and citizens having contributions to make to the public interest and welfare.
The Wisconsin Blue Book 1983-84 at 408 in setting forth the structure of the Educational Communications Board states: "TheDevelopment and Public Awareness Unit seeks funding from listeners, viewers and private funding sources for the purpose of funding and promoting the programming broadcast on the networks."
In an opinion at 70 Op. Att'y Gen. 163 (1981), it was stated that the Educational Communications Board could contract with "friends organizations" (nonprofit entities incorporated for the *Page 41 
purpose of assisting and promoting the activities of Educational Communications Board as a licensee of educational radio and television programs) to raise funds for educational radio and television. The opinion further stated that funds contributed directly to the "friends" did not become state funds until transferred to the Educational Communications Board by the friends organization.
The records of the Office of Secretary of State indicate the following:
WISCONSIN PUBLIC RADIO ASSOCIATION, INC. is incorporated under chapter 181 as a non-stock, non-profit corporation for educational purposes to assist public radio stations in Wisconsin including WHA and those operated by the Educational Communications Board. It claims exempt status under I.R.C. § 501(c)(3) (1954). It has members who pay dues and who elect a board of directors consisting of nine members.
FRIENDS OF WHA-TV, INC., is a chapter 181 non-stock nonprofit membership corporation organized for charitable and educational purposes. It claims income tax exemption under I.R.C. § 501(h) (1954). On December 14, 1982, it claimed 23,000 members and the certificate states that thirty members constitute a quorum and that fifty-five were present at the meeting to adopt restated articles. It was originally incorporated by John F. Whitmore on January 10, 1969, as Community Council for Public Television, Inc., and later changed its name to Friends of Channel 21, Inc., and to its present name on June 28, 1982.
CHANNEL 10/36 FRIENDS, INC., was originally Community Broadcast Council, Inc. It is a chapter 181 non-profit member corporation having 6987 members on October 18, 1976. It claims to be organized for purposes "exclusively charitable, scientific, literary and educational," and claims exemption under I.R.C. § 501(c)(3) (1954). Its particular purpose is to support public television broadcasting by stations WMVS/WMVT.
Neither the open meetings law nor public records law is applicable to independent private associations or non-profit corporations which have a public purpose and are organized by friends of the university or other state agencies. 73 Op. Att'y Gen. 53 (1984); 46 Op. Att'y Gen. 83 (1957). Glendale Developmentv. Board of Regents, 12 Wis.2d 120, 106 N.W.2d 430 (1960). AS indicated earlier, the Friends of WHA TV Inc., Channel 10/36 Friends, Inc. and *Page 42 
Wisconsin Public Radio Association, Inc., appear to be non-stock non-profit corporations created by private citizens. They are corporate bodies but not bodies corporate and politic and are not quasi-governmental corporations. Their powers are derived from the general laws of the state and they differ from quasi-governmental corporations such as the Wisconsin Solid Waste Recycling Authority and Wisconsin Housing Finance Authority. The latter were created by the Legislature by statute or pursuant to statutory direction and have delegated powers largely controlled by statute. In 73 Op. Att'y Gen. 53 (1984), it was stated that the Historic Sites Foundation, Inc., which by contract managed Circus World Museum, and which was organized by friends of the State Historical Society, was not a governmental body subject to the open meetings law. The opinion discussed the term "quasi-governmental corporation"
 Section 19.81(2) also expressly includes quasi-governmental corporations within its definition of a governmental body. There are no reported Wisconsin decisions that define the term "quasi-governmental." The word "quasi" is defined in Webster's New Collegiate Dictionary 700 (7th ed. 1977) as: "1) having some resemblance . . . by possession of certain attributes" and. "2) having a legal status only by operation or construction of law and without reference to intent." In State v. Wisconsin Telephone Co., 91 Wis.2d 702, 284 N.W.2d 41 (1979), it was held that the ordinary and common meaning of words may be established by the definition in a recognized dictionary. Using the dictionary definition there seems to be little doubt but that the nonstock body politic corporations created by the Legislature to perform essentially governmental functions are quasi-governmental corporations. Corporations such as the Wisconsin Solid Waste Recycling Authority and Wisconsin Housing Finance Authority were essentially created to achieve legitimate governmental functions by means that could not be employed by state agencies because of constitutional restraints.
. . . .
 The activities of the Wisconsin Solid Waste Recycling Authority and Wisconsin Housing Finance Authority are largely controlled by statute. Thus, these corporations and similar entities fall within the definition of a quasi-governmental corporation. *Page 43 
 In contrast, the functions of the HSF cannot possibly be considered governmental. It exercises no sovereign power and does not engage in activity that is dependent on or controlled by delegation from the Legislature. The functions pursued by the HSF under its articles and by-laws are the same functions that any private nonstock corporation could engage in. Its powers are derived from the general laws of the state. The HSF is a private corporation with no governmental attributes. While the members of the Board of Curators are also directors of the HSF, they hold and administer the position of director as private citizens not as state officials.
Our conclusion that the term "quasi-governmental corporation" is limited to nonstock body politic corporations created by the Legislature to perform essentially governmental functions is supported by the discussion of a somewhat related term, "quasi-municipal corporation," in McQuillin Municipal Corporations
§ 2.13 (3rd Ed. 1971):
 The terms "quasi-municipal," as applied to corporations, "quasi-corporations," "public quasi-corporations," and other similar terms, are often used as meaning the same thing. Better designation, it would seem, would be to confine the term "quasi-corporation" to organizations not strictly corporations at all, and to designate as "quasi-municipal" those organizations which are deemed corporations but which are held not municipal corporations, strictly speaking, but which resemble municipal corporations in some respect. As the term is used herein, what is meant is a corporation created or authorized by the legislature which is merely a public agency endowed with such of the attributes of a municipality as may be necessary in the performance of its limited objective. In other words, a quasi-municipal corporation is a public agency created or authorized by the legislature to aid the state in, or to take charge of, some public or state work, other than community government, for the general welfare. "Quasi-municipal" corporations are public in nature, but not, strictly speaking, municipal corporations. They are bodies which possess a limited number of corporate powers and which are low down in the scale or grade of corporate existence, and consist of various local government areas established to aid the administration of public functions.
(Emphasis added.) *Page 44 
Section 19.32(1) makes the public records law applicable to "a non-profit corporation which receives more than 50% of its funds from a county or a municipality, as defined in s. 59.001(3)." The latter statute defines "municipality" to include "cities, villages and towns." The non-profit corporations in question do not receive more than fifty percent of their funds from a municipality and do not fall within the definition of "governmental body" in section 19.82(1) or of "authority" in section 19.32(1).
We are not aware that any specific persons employed by the Educational Communications Board, Board of Regents or University of Wisconsin System hold offices or positions of employment with any of the non-stock corporations or friends associations referred to. If there were dual office or position holding, section 36.23, which is applicable to the Board of Regents and university employes, might be applicable.
 Conflict of interest. No regent or officer or other person appointed or employed in any position in the system may at any time act as agent for any person or organization where such act would create a conflict of interest with the terms of the person's service in the system. The board shall define conflicts of interest and adopt rules related thereto.
If a public contract were involved between the Board of Regents, Educational Communications Board, Board of Directors of the Milwaukee Area Technical College or one of their subunits and a non-profit friends organization, section 946.13, which prohibits public officers and employes from having private pecuniary interests in public contracts, might be applicable.
Certain organizations and professional fund raisers seeking contributions from the general public are required to be registered with the Department of Regulation and Licensing. Sec.440.41, Stats. That department has advised that Wisconsin Public Radio Association, Inc., Friends of WHA-TV. Inc. and Channel 10/36 Friends, Inc., are registered pursuant to section 440.41
(2) and (4), and file annual financial reports as therein required. The department advises that FM 90 Friends is not separately registered, since it claims exemption because of its association with UW-M Foundation and that its reporting is done in connection with filings by that organization. *Page 45 
You may wish to inquire of that department concerning such filings and information available therefrom.
BCL:RJV