RICHARD E. GALECKI, Commissioner Office of Commissioner of Banking
Your June 23, 1986, letter asks whether members of the State of Wisconsin Banking Review Board may vote on an issue involving a bank in which they, or members of their family, hold stock. With respect to ownership by a member himself or herself, the answer to your question is clear: the member is disqualified. With respect to ownership by a family member, the answer to the question depends upon the facts of the particular situation.
Section 15.555(1), Stats., provides: "No member is qualified to act in any matter involving a bank in which he is an officer, director or stock holder, or to which he is indebted." Clearly, if a member of the Banking Review Board owns stock in a particular bank, he or she is absolutely prohibited from acting in any matter involving that bank. Equally clearly, a member may not avoid this prohibition by transferring title of stock to his or her spouse. Generally speaking, all property of spouses is considered marital property to which each spouse has a present undivided fifty percent interest. Sec. 776.31(1) and (3), Stats. Time of acquisition of property and certain marital agreements may affect these provisions. Generally speaking, however, you should advise members of the Banking Review Board that they may not simply transfer title to any stock to their spouse and expect, thereby, to avoid the provisions of section 15.555(1).
Transfer of title ownership to a member's children is also strongly advised against. Title is only one incident of ownership. Mitchell Aero, Inc. v. Milwaukee, 42 Wis.2d 656, 662,168 N.W.2d 183 (1969). One may still be the owner of property, without title, depending upon the existence or non-existence of other incidents of ownership. There is a difference between "real or true ownership" and "paper title only" ownership. Id. at 662. The courts will look to see who is the "real beneficial owner of the property" in determining who is the owner of that property.State ex rel. Wisconsin Univ. Bldg. Corp. v. Bareis,257 Wis. 497, 504, 44 N.W.2d 259 (1950). *Page 198 
In construing words like "own," "owner" and "ownership," as found in statutes, the supreme court has "given the widest variety of construction, usually guided in some measure by the objects sought to be accomplished in the particular instance."Merrill R. L. Co. v. Merrill, 119 Wis. 249, 254, 96 N.W. 686
(1903). More recently, the supreme court has stated that ownership is a question which must be determined in the context of the purpose of the determination. Mitchell Aero Inc. v.Milwaukee, 42 Wis.2d at 662.
The obvious purpose of section 15.555(1) is to avoid conflicts of interest. The Legislature has adopted an absolute rule of disqualification whenever a member of the Banking Review Board is a stockholder, officer, director or debtor. It is conclusively presumed that the person cannot separate personal interest from regulatory responsibilities. Limiting the word "stockholder" to title holders only would permit circumvention of the purpose of the statute by allowing stock certificates to be held in the name of another person while beneficial ownership remained with the Banking Review Board member.
Of course, this is not to say that a member of the Banking Review Board necessarily would be deemed to be the holder of stock in all cases in which his or her children held title. The answer would turn on the reasons for the transfer of title and the existence of beneficial use by the board member or other incidents of ownership. Moreover, the reasons for the stock transfer and the person from whom the stock is transferred could be relevant. For example, stock received by children as gifts from grandparents might not raise the same questions as stock received from parent board members. Conflict of interest statutes are strictly enforced and construed against the public officer involved. 67 C.J.S. Officers § 204 (1978). This rule of construction will be applied to the facts of any particular transaction to determine whether or not a member is a "stockholder" regardless of the title holder.
Under Wisconsin's Code of Ethics for Public Officials and Employes, disqualification may be mandated as well. Recently, the Ethics Board offered to address the application of the Ethics Code to the Banking Review Board after the attorney general rendered an opinion regarding section 15.555(1). I suggest you pursue the Ethics Board inquiry expeditiously. *Page 199 
I understand that members of the Banking Review Board own stock in certain bank holding companies. In my opinion, section 15.555(1) does not automatically disqualify those members from acting with respect to banks which are owned by bank holding companies. This is due to the literal wording of the statute. The statute speaks in terms of a "bank." A bank holding company is not itself a bank. 19 Op. Att'y Gen. 141, 143 (1930). I would advise you to explicitly include in your inquiry to the Ethics Board a question regarding the applicability of the Ethics Code to actions with respect to banks owned by corporations of which Banking Review Board members are stockholders. A member may be so financially interested in the parent corporation as to have a conflict of interest under the Ethics Code.
Finally, your letter states: "Some of the Banking Review Board members are involved with banks that have trust companies and in some cases vote the proxy. The board is also questioning if this causes any conflict?" If I understand this question correctly, some members own stock in banks which own trust companies. Under section 15.555(1), those members are disqualified to act with respect to the trust company.
BCL:ESM *Page 200